# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AIMAR HERRARA, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:07-CR-314-ODE-JSA-2 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-3336-ODE-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Aimar Herrara has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of her sentences, which were imposed on September 11, 2008, following a guilty plea entered in the Northern District of Georgia.

I. <u>Procedural History</u>

On March 14, 2008, Movant entered into a guilty plea in the Northern District of Georgia to conspiracy to possess with the intent to distribute at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. (Docs. 3, 94, Att. 1). The plea agreement contains a waiver of Movant's appellate and collateral

rights ("appellate waiver"). (Doc. 94, Att. 1, at ¶ 14). On September 11, 2008, Movant was sentenced to a total of one hundred twenty (120) months of imprisonment, to be followed by five years of supervised release. (Doc. 133). Movant did not file a direct appeal of her convictions and sentences.

Movant filed the instant *pro se* § 2255 motion on September 16, 2012.[1] (Doc. 189). In the motion, Movant raised two claims – that she received constitutionally ineffective assistance of counsel based on *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012) (Ground One), and *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012) (Ground Two).[2] Movant, however, provided no facts in support of either of these two grounds for relief. Additionally, in response to

---

[1] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing (*i.e.*, signed). *See Taylor v. Williams*, 528 F.3d 847, 849 n.3 (11th Cir. 2008); *Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

[2] In *Frye*, the Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable." *See* 132 S. Ct. at 1408. *Lafler* requires that to show prejudice, a defendant demonstrate that but for the ineffective advice from counsel, there is a reasonable probability that: (1) she would have accepted the plea agreement; (2) the prosecution would not have withdrawn it; (3) the trial court would have approved the plea agreement; and (4) the conviction, sentence, or both, under the offer's terms, would have been less severe than that which was imposed. *See* 132 S. Ct. at 1385.

2

whether she had filed an appeal, Movant indicated that "I requested an appeal, but my defense counsel stated that I 'could not' appeal my sentence." (Doc. 189 at 4). Finally, in response to why she did not previously raise the grounds for relief presented in the motion, Movant stated that she asked her attorney to present grounds that her constitutional rights under the Fourth, Fifth, Sixth, Tenth, and Fourteenth Amendments were violated but he would not present those issues "in court." (*Id.* at 8).

Because Movant provided no details in support of her two grounds for relief, and because it was unclear whether she intended to raise an additional claim or claims that her attorney did not file an appeal although she requested him to do so, on September 27, 2012, the undersigned entered an Order instructing Movant to amend the motion. (Doc. 190). Specifically, the undersigned instructed her to provide details of the circumstances surrounding both grounds for relief as well as her alleged request to her attorney to file an appeal, including, but not limited to: (1) whether she intended to add an additional ground (or grounds) for relief in response to the question in 11(d) of the motion that she explain why she did not appeal; (2) provide the date that she asked her attorney to file an appeal, the grounds she wanted to raise, and the date her attorney told her she could not

3

appeal; and (3) provide factual details in connection with Grounds One and Two. (Doc. 190 at 3).

Movant filed her response to this Court's Order on October 24, 2012. (Doc. 191). In her response, Movant still has not provided any factual detail in support of Grounds One and Two. (*Id.*). With regard to her claim that appellate counsel did not file an appeal after she requested him to do so, Movant simply states that she made that request immediately after sentencing, and that at that time her attorney essentially told her that he would not file an appeal on her behalf. (*Id.*). Movant otherwise claims that she did not understand the "legalities," and she believed that her attorney would take care of the appellate process. (*Id.*).

II.   Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was

4

without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that she is not entitled to relief in connection with her claims. Thus, no evidentiary hearing is required.

5

III.   Analysis

    A.   The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's convictions and sentences became final. Movant was convicted and sentenced on September 11, 2008, and she had ten days from that date to file an

6

appeal. *See* Fed. R. App. P. 4(b)(1)(A).[3]  Having not filed an appeal, Movant's convictions became final on September 22, 2008, and Movant therefore had until September 22, 2009, to file a § 2255 motion. The instant motion, filed nearly three years later on September 16, 2012, is therefore untimely.

>   B.   Movant Has Not Demonstrated She is Entitled to Statutory Tolling.

Movant, however, claims that counsel provided ineffective assistance because he did not file a direct appeal after Movant requested him to do so. A § 2255 motion based on such a claim may be considered timely under § 2255(f)(4) "if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010).

Here, despite Movant's claim that "she believed that her attorney would take care of the appeal process," Movant indicates that immediately after sentencing when she asked her attorney to appeal, he responded that "your case is over, you got sentenced to 10 years, so I am done." (Doc. 191 at 1). Thus, Movant actually

---

[3] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 and extended the time period for filing a notice of appeal from ten to fourteen days. *See* Fed. R. App. P. 4, Advisory Committee Notes. The amendment became effective on December 1, 2009, and therefore does not apply to Movant.

7

knew on September 11, 2008, that her attorney would not file an appeal on her behalf. Even if this Court were to credit Movant's statement that she still thought her attorney would file an appeal after he essentially told her he would not do so, she has not described any efforts whatsoever to show that she exercised due diligence in discovering that no appeal had been filed during the nearly three-year period between sentencing and filing the instant motion. Accordingly, she is not entitled to statutory tolling under § 2255(f)(4).

    C.    <u>Movant Cannot Rely Upon *Lafler* and *Frye* to Resurrect the Limitation Period.</u>

To the degree that this Court could construe Grounds One and Two of the instant motion as an argument that the limitation period began when the United States Supreme Court decided *Lafler* and *Frye*, *supra*, that argument also must fail. If a movant asserts a right newly recognized by the Supreme Court and made retroactively available to cases on collateral review, the limitation period begins on the date of the Supreme Court decision. *See* 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004). The Eleventh Circuit has held, however, that neither *Lafler* nor *Frye* announced a newly recognized right that would be applied retroactively to cases on collateral review. *In re Perez*, 682

F.3d 930, 932-34 (11th Cir. 2012). Thus, the limitation period under § 2255(f)(3) is inapplicable and, accordingly, the instant § 2255 motion is untimely.

### D.     Equitable Tolling is not Warranted.

Finally, although the one-year limitation period contained in § 2244(d) is subject to equitable tolling in appropriate cases, *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (June 14, 2010), this is not one of those cases. Indeed, a petitioner is entitled to equitable tolling only if she shows (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy that is typically applied sparingly[.] . . ." *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004). The focus of the inquiry regarding "extraordinary circumstances" is "on the circumstances surrounding the late filing of the habeas petition" and not on "the circumstances surrounding the underlying conviction." *Helton v. Secretary for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam).

Movant claims that she "is not versed in the law, . . . did not know how to file the proper paperwork, nor did she [] have knowledge of the legal ramifications,

9

that would result by her not filing an appeal." (Doc. 191 at 1). These circumstances, however, do not constitute "extraordinary circumstances" to warrant equitable tolling. *See Hunt v. Georgia Dep't of Community Affairs*, 490 F. App'x 196, 198 (11th Cir. 2012) ("[W]e have previously rejected the contention that *pro se* status [or] ignorance of the judicial process . . . warrant application of equitable tolling.") (citing *Wakefield v. Railroad Ret. Bd.*, 131 F.3d 967, 969-70 (11th Cir. 1997)); *Christides v. Commissioner of Social Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012) (stating that neither *pro se* status or ignorance of the law constitute extraordinary circumstances for equitable tolling); *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) ("[I]gnorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test."). Nor, as discussed previously in Section III.B., has Movant demonstrated that she acted with diligence. Thus, Movant has failed to show that despite her diligence, extraordinary circumstances prevented her from filing her motion within the one-year period, and this § 2255 motion is untimely.

IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Aimar Herrara's motion to vacate sentence [Doc. 189] be **DENIED**.

10

V.      Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

11

*v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred.  *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 15th day of May, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)